UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE MAYO ENNIS, ) | |
| ) | |
| Petitioner, ) | 3:04-cv-0714-RCJ-RAM |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| E.K. MCDANIEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by Bruce Ennis, a Nevada prisoner. The action comes before the court with respect to its merits. The court will deny the petition.

**I. Facts and Procedural Background**

The state charged petitioner, by way of information, with open murder with the use of a deadly weapon (count I), robbery with the use of a deadly weapon (count II) and possession of a firearm by an ex-felon (count III), after the petitioner shot and killed his step-father. Exhibit 3.[1] Petitioner pleaded not guilty to the charges, and after count III was severed, a jury trial was held from

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by petitioner in support of his first amended petition for writ of habeas corpus, and are located in the record at docket #14, 15 and 16.

1 November 29, 1995 to December 4, 1995. Exhibits 4, 23, 26, 28-31. Petitioner was convicted of first degree murder with the use of a deadly weapon and was acquitted of the second count. Exhibit 34. Petitioner then entered into a guilty plea to count III. Exhibit 37. On January 18, 1996, the district court sentenced petitioner to life imprisonment without the possibility of parole for count I, and to six years in prison for count III. Exhibit 36. A judgment of conviction was entered on January 30, 1996. Exhibit 39.

Petitioner appealed, alleging that there was insufficient evidence to support his conviction of first degree murder. Exhibit 40, 42. The Nevada Supreme Court dismissed the appeal, stating it could not reassess the weight of the evidence or the credibility of the witnesses. Exhibit 44. Furthermore, the court concluded that there was substantial evidence to support petitioner's conviction. *Id.* Remittitur issued on January 21, 1998. Exhibit 45.

Petitioner then filed a state petition for a writ of habeas corpus, alleging (1) the Nevada Supreme Court erred in reviewing his direct appeal, as no rational trier of fact could have found that the essential elements of first degree murder were met beyond a reasonable doubt; (2) the trial court failed to properly instruct the jury on the premeditation and deliberation elements of first degree murder; (3) the reasonable doubt instruction improperly minimized the state's burden of proof; (4) appellate counsel failed to raise issues two and three on appeal, (5) trial counsel was ineffective for failing to investigate the victim's prior acts of violence; and (6) the cumulative errors require reversal of the judgment of conviction. Exhibits 46 and 57. The district court denied the petition without holding an evidentiary hearing. Exhibit 61. On appeal the Nevada Supreme Court affirmed the lower court's denial of the petition. Exhibit 63. Remittitur issued on November 30, 2004.

Petitioner mailed his federal habeas corpus petition November 29, 2004 (docket #4). This Court appointed counsel, and an amended habeas petition was filed (docket #3 and 13). Respondents filed an answer to the petition and petitioner has filed a response (docket #26 and 32). On March 24, 2008 petitioner filed a motion for decision (docket #38).

## II. Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "'if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases'" or "'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent.'" *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694).

A state court decision is an unreasonable application of clearly established Supreme Court precedent "'if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The unreasonable application clause "requires the state court decision to be more than incorrect or erroneous"; the state court's application of clearly established law

must be objectively unreasonable. *Id.* (*quoting Williams*, 529 U.S. at 409). *See also Ramirez v. Castro*, 365 F.3d 755 (9th Cir. 2004).

In determining whether a state court decision is contrary to, or an unreasonable application of, federal law, this Court looks to a state court's last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Plumlee v. Masto*, 512 F.3d 1204, 1209-10 (9th Cir. 2008) (en banc). When a state court has not "explained its reasoning on a particular claim" the federal court conducts "an independent review of the record to determine whether the court's decision was objectively unreasonable." *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006) (citing *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004)).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

    **A. Ground One**

In his first claim for relief petitioner alleges that he is in custody in violation of his due process rights under the Fifth and Fourteenth Amendments as the evidence adduced at trial was insufficient to prove first degree murder beyond a reasonable doubt. Petitioner specifically argues that the state relied on witnesses at trial who each had a motivation to lie.

The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim in a habeas petition, a federal court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The court must assume that the jury resolved any evidentiary conflicts in favor of the prosecution, and the court must defer to that resolution. *Jackson*, 443 U.S. at 326; *Schell v. Witek*, 218 F.3d 1017, 1023 (9th Cir. 2000) (*en banc*). The credibility of witnesses is beyond the scope of the Court's review of the sufficiency of the evidence. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995). Under the *Jackson* standard,

the prosecution has no obligation to rule out every hypothesis except guilt. *Wright v. West*, 505 U.S. 277, 296 (1992) (plurality opinion); *Jackson*, 443 U.S. at 326; *Schell*, 218 F.3d at 1023. *Jackson* presents "a high standard" to habeas petitioners claiming insufficiency of evidence. *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).

The Nevada Supreme Court ruled as follows on petitioner's claim that there was insufficient evidence to support his conviction:

> Ennis argues that several of the State's witnesses fabricated their testimony, thereby suggesting that the jury's verdict was not based on credible or reliable evidence. Ennis contends that (1) several witnesses who testified on behalf of the State did not dispute Ennis' claim of self-defense until nine months after the shooting, (2) Nix's trial testimony contradicted earlier statements made to the police, (3) Wheeler and Vaughan falsely denied that they received reduced charges in unrelated drug offenses in exchange for their testimony, and (4) Page's testimony was unsupported by any evidence.
>
> This case rested on the credibility of each of the witnesses, including Ennis. Despite the credibility issues raised by Ennis, the jurors chose to accept as true the testimony of the State's witnesses. We conclude that Ennis is inappropriately asking this court to reassess the weight of the evidence and pass on the credibility of the witnesses. *See Lay*, 100 Nev. At 1192, 886 P.2d at 450. Furthermore, we have reviewed the record in this case and conclude that substantial evidence exists to support the conviction of murder with the use of a deadly weapon.

Exhibit 44.

This Court agrees with the conclusion of the Nevada Supreme Court. The court has reviewed the record, and after viewing the evidence in the light most favorable to the prosecution, concludes that any rational trier of fact could have found the petitioner guilty of first degree murder with a deadly weapon. The Nevada Supreme Court's ruling that there was sufficient evidence to support the petitioner's conviction was not contrary to, or an unreasonable application of, clearly established federal law, as the issue of credibility of witnesses is beyond the scope of review. *Schlup v. Delo*, 513 U.S. 298, 330 (1995); *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004). Moreover, the state court's ruling was not based on an unreasonable determination of facts in light of the evidence. 28 U.S.C. § 2254(d). The court will deny habeas relief with respect to ground one.

### B. Ground Two

In his second claim the petitioner asserts that the jury instructions defining premeditation improperly minimized the state's burden of proof, thereby violating his due process rights under the Fifth, Sixth and Fourteenth Amendments. The state district court gave the jury the following instruction on premeditation and deliberation:

> Premeditation is a design, a determination to kill, distinctly formed in the mind at any moment before or at the time of the killing.
>
> Premeditation need not be for a day, an hour, or even a minute. It may be as instantaneous as successive thoughts of the mind. For if the jury believes from the evidence that the act constituting the killing has been preceded by and has been the result of premeditation, no matter how rapidly the premeditation is followed by the act constituting the killing, it is willful, deliberate and premeditated murder.

Exhibit 32. The Nevada Supreme Court found that while the jury instruction had been disapproved of in *Byford v. State*, 994 P.2d 700 (Nev. 2000), there was sufficient evidence adduced at trial to establish premeditation and deliberation. Exhibit 63.

The Nevada Supreme Court did not unreasonably apply federal law in affirming the denial of this claim. Although the jury instruction was deemed to be improper pursuant to state law, the court's determination that the error was harmless as there was sufficient evidence to prove premeditation and deliberation is not objectively unreasonable in light of the evidence produced at trial. 28 U.S.C. § 2254(d). There was testimony at trial that the petitioner asked a friend for a gun because he intended on killing his step-father. Exhibits 29, 30 and 31. Petitioner asserts that the witnesses were not credible, therefore sufficient evidence did not exist to show premeditation and deliberation on his part. However, as this Court has previously noted, assessment of the credibility of witnesses is for the jury and is beyond the scope of this Court's review. Ground two will be denied.

. . .

. . .

**C. Ground Three**

In claim three the petitioner alleges that the trial court's reasonable doubt jury instruction minimized the state's burden of proof and thereby violated his due process rights. At trial the district court gave the jury the following instruction on reasonable doubt:

> The Defendant is presumed innocent until the contrary is proved. This presumption places upon the State the burden of proving beyond a reasonable doubt every material element of the crime charged and that the Defendant is the person who committed the offense.
>
> A reasonable doubt is one based on reason. It is not mere possible doubt but is such doubt as would govern or control a person in the more weighty affairs of life. If the minds of the jurors, after the entire comparison and consideration of all the evidence, are in such a condition that they can say they feel an abiding conviction of the truth of the charge, there is not a reasonable doubt. Doubt to be reasonable must be actual, not merely possibility or speculation.
>
> If you have a reasonable doubt as to the guilt of the Defendant, he is entitled to a verdict of not guilty.

Exhibit 32. The Nevada Supreme Court, in affirming the trial court's denial of this claim, found that the instruction given was identical to the language found in NRS 175.211, which the court had previously held stated the proper definition of reasonable doubt and did not shift the state's burden of proof. Exhibit 63.

While the Nevada Supreme Court relied on Nevada precedent, and not federal or United States Supreme Court precedent, in affirming the denial of this claim, a state court is not required to cite federal or United State Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2003) (per curiam). The Nevada Supreme Court's decision is not an objectively unreasonable application of federal law. Federal courts have previously upheld the same or similar Nevada jury instructions on reasonable doubt. *See Nevius v. McDaniel*, 218 F.3d 940, 945 (9th Cir. 2000); *Ramirez v. Hatcher*, 136 F.3d 1209, 1213-14 (9th Cir. 1998) (citing *Victor v. Nebraska*, 511 U.S. 1 (1994)). Therefore it appears that the jury instruction on reasonable doubt did not improperly minimize the state's burden of proof. Ground three will be denied.

**D. Ground Four**

In ground four petitioner alleges that he is in custody in violation of his rights to effective assistance of counsel under the Fifth, Sixth and Fourteenth Amendments. Petitioner contends that trial counsel was ineffective for failing to investigate the victim's prior acts of violence. Moreover, petitioner argues that appellate counsel was ineffective for failing to raise the issue of the trial court's erroneous jury instructions on appeal.

In order to prove ineffective assistance of counsel, petitioner must show (1) that counsel acted deficiently, in that his attorney made errors so serious that his actions were outside the scope of professionally competent assistance and (2) the deficient performance prejudiced the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). "Claims of ineffective assistance of appellate counsel are reviewed according to the standard announced in *Strickland*." *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002)

**1. Ineffective Assistance of Trial Counsel**

Petitioner contends that trial counsel failed to investigate the victim's prior acts of violence. Petitioner states that he advised his attorney that he had knowledge of previous incidents where the victim had used a knife as a weapon. Moreover, petitioner alleges that he had told his attorney that the victim had previously been arrested for battery and assault with a deadly weapon. Petitioner states that investigation into these incidents and facts could have corroborated his version of events, namely that the crime occurred in self defense as the victim was threatening petitioner with a knife.

The Nevada Supreme Court, in affirming the denial of this claim, stated that the petitioner failed to show that counsel was ineffective. Exhibit 63. The state court noted that the record revealed that the petitioner did testify at trial that the victim threatened him with a knife. *Id.* Moreover, the court found that several witnesses also testified that the victim had a violent character. *Id.* Finally the court stated that petitioner failed to show that the outcome of the trial would have been different had counsel not made any of the alleged errors. *Id.*

The state court's conclusion was not an unreasonable application of *Strickland*. The factual findings of the state court are presumed correct and cannot be overturned unless this court cannot "reasonably conclude that the finding is supported by the record." *Cook v. Schriro*, 516 U.S. 802, 816 (9th Cir. 2008); *Miller-El v. Cockrell*, 537 U.S. 32 (2003); 28 U.S.C. § 2254(e)(1). The petitioner has not shown that the court's determination that his attorney did not perform deficiently is unreasonable in light of the evidence presented.

**2. Ineffective Assistance of Appellate Counsel**

Petitioner next claims that appellate counsel was ineffective for failing to raise the issue of the trial court's erroneous jury instructions (as discussed in grounds two and three) on direct appeal. The Nevada Supreme Court determined that the petitioner failed to show that the issue of whether the trial court gave an improper instruction on reasonable doubt had a likelihood of success on the merits. Exhibit 63. The court then stated that petitioner did not show that appellate counsel was deficient in failing to raise the issue of the use of improper jury instructions on premeditation and deliberation. *Id.*

The Nevada Supreme Court did not unreasonably apply federal law. As is noted above in relation to ground two, the state court's determination that the reasonable doubt jury instruction was proper was not an objectively unreasonable application of federal law. Moreover, the state court's finding that any error was harmless with respect to the premeditation and deliberation instructions also was not unreasonable. In turn, the state court's finding that appellate counsel was not ineffective and there no likelihood of success on the merits had these issues been raised on direct appeal also was not an objectively unreasonable application of federal law. Appellate counsel is not required to raise meritless issues or issues that have little chance of success on appeal. *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002).

This Court will deny ground four.

**E. Ground Five**

In petitioner's fifth claim he alleges that he is entitled to relief due to the cumulative effect of the errors previously mentioned. The cumulative error doctrine recognizes that the cumulative

9

effect of several errors may prejudice a defendant. *See, e.g.*, *United States v. Frederick*, 78 F.3d 130, 1381 (9th Cir. 1996). "However, where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation." *Fuller v. Roe*, 182 F.3d 699, 704 (9th Cir. 1999), *overruled on other grounds*, *Slack v. McDaniel*, 529 U.S. 473 (2000). The state court determined that no errors were present in the petitioner's case. That determination is not objectively unreasonable, as this Court has found no constitutional error. The cumulative error doctrine cannot be applied to find constitutional error where no errors exist. Furthermore, any of the *alleged* errors, if taken cumulatively, would not warrant habeas corpus relief. Ground five shall be denied.

**IV. Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the court determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's motion for decision (docket #38) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus (docket #13) is **DENIED.**

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

Dated this 4th day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE

(da-p2)